UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RICHARD KRAMAREWICZ** | :<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | :   Case No. 3:17-cv-00164<br>: |
| **CBS CORPORATION F/K/A VIACOM INC., SUCCESSOR-BY-MERGER WITH CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION, et al.** | :<br>:<br>:<br>:<br>: |
| **Defendants.** | :<br>: |

### ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS
### OF DEFENDANT FOSTER WHEELER LLC TO PLAINTIFF'S COMPLAINT

Defendant Foster Wheeler LLC, a named Defendant in the above-numbered and entitled cause of action (hereinafter "Foster Wheeler" or "Defendant") hereby answers Plaintiff's Complaint as follows:

### FIRST COUNT BASED ON PRODUCTS LIABILITY, CONN GEN. STAT. § 52-572M, ON BEHALF OF RICHARD KRAMAREWICZ

1. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

2a. Foster Wheeler states that this paragraph is not directed to it and, therefore, no answer is necessary.

2b. Foster Wheeler admits that it is a foreign corporation with a principal place of business outside the state of Connecticut.

2c. Foster Wheeler states that this paragraph is not directed to it and, therefore, no answer is necessary.

3. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

4. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

5. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

6. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

7. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

8. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

9. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

10. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

11. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

12. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the health of Plaintiff and therefore denies the same.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR RICHARD KRAMAREWICZ PURSUANT TO CONN. GEN. STAT. 52-240b

13. Foster Wheeler repeats and incorporates herein by reference its answers to paragraphs 1 through 12 of the Complaint, and by reference, makes them part of its answers to this count.

14. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

15. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

16. Foster Wheeler denies each and every allegation in this paragraph to the extent the allegations relate to this Defendant. Foster Wheeler is without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants and therefore denies the same.

WHEREFORE, Foster Wheeler demands judgment in its favor plus costs.

## AFFIRMATIVE DEFENSES

Foster Wheeler has not had an opportunity to conduct a sufficient inquiry of the facts underlying this lawsuit.  After having completed discovery in this case, Foster Wheeler will voluntarily withdraw those of the following affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation.  Additionally, Foster Wheeler will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its

answer as necessary. On the basis of the above, and for further answer by way of affirmative defenses, Foster Wheeler alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant for the causes of actions alleged in the Plaintiff's Complaint, pursuant to applicable law.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant by reason of failure of process and failure of service of process.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims set forth in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Based on the circumstances and facts alleged, venue is not proper herein.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of forum non-conveniens.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and has further omitted to state any reasons for such failure.

## SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged in Plaintiff's Complaint are barred by the applicable statutes of limitations and statutes of repose.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Any alleged defect or risk or known foreseeable danger attendant to the use of asbestos-containing products was known, or should have been known, to Richard Kramarewicz (hereinafter referred to as "Plaintiff") at the same time they became known, if at all, to Defendant, and Plaintiff willingly, knowingly, and voluntarily exposed herself thereto and assumed the risk thereof, and, therefore, recovery is barred.

**TENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was negligent and failed to exercise ordinary care for her own safety and well-being and that negligence and failure to exercise ordinary care proximately and directly caused and/or contributed to Plaintiff's alleged illness and injury.  If it is judicially determined that Defendant was negligent as alleged, which is specifically denied, then Plaintiff was guilty of contributory and/or comparative negligence which bars or limits all claims for recovery made herein.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred because damages or losses experienced, if any, were not due to any act or omission of Defendant, but were caused solely by the intervening acts or omissions of a third-party or parties other than Defendant, including, but not limited to, Plaintiff's employers, for whose acts or failure to act Defendant is not liable or responsible and over whom Defendant had neither control nor the right of control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that there existed any warranties, either express or implied, between it and the Plaintiff in this action. If any warranties, either express or implied, existed in this case, which Defendant denies, Defendant did not breach said warranties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Defendant, its servants or agents made any express warranties, allegations which the Defendant specifically denies, then Plaintiffs did not rely on the express warranties and, further, there was no such reliance by any person or entity authorized to represent Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff, prior to the filing of this Complaint, never informed Defendant, by notification or otherwise, of any breach of express and/or implied warranties. Plaintiff failed to give reasonable notice of the alleged breach of warranties within a reasonable time as required by law. Consequently, Plaintiff's claims for alleged breaches of warranties against Defendant are barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that privity of contract between Plaintiff and itself ever existed. Consequently, Plaintiff's claims for alleged breaches of warranties are barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Defendant was negligent or in breach of warranty, all of which it expressly denies, Defendant's liability in any or all of these events has been terminated by the intervening acts, omissions or negligence of others over whom Defendant had neither control, nor the right of control, and for whose conduct Defendant is not legally responsible or liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distribution, delivery, and/or sale, in any asbestos product or material referred to in Plaintiff's Complaint, but if there was any defect or negligence as alleged, which Defendant expressly denies, then the Defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's employer or its agents, servants or employees were in control and possession of the surrounding environment and worksite of its employees, including Plaintiff, and was charged with the responsibility of maintaining a safe workplace for such persons under its control, and failed to do so, thereby exposing Plaintiff to an alleged unreasonable condition.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's employer or employers were negligent with respect to the matters set forth in the Complaint, and such negligence caused in whole or in part whatever disease, injury, or disability, if any, which Plaintiff may have sustained, as set forth in the Complaint. If Plaintiff is determined to be entitled to recover against Defendant, which Defendant specifically denies, Plaintiff is not entitled to recover in the amount set forth in the Complaint because Plaintiff's claims are barred or limited by any and all workers' compensation payments against any judgment which might be rendered in Plaintiff's favor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised his claims herein, and accordingly, said claims are barred by operation of law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiff and/or other persons without Defendant's knowledge and approval re-designed, modified, altered, and used Defendant's products contrary to instructions and contrary to the custom and practice of the industry. This re-design, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which Defendant specifically denies, such defect resulted solely from the re-design, modification, alteration or other such treatment or change and not from any act or omission by Defendant. Therefore, said defect, if any, was created by Plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiff allegedly suffered.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant expressly denies that it manufactured, designed and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiff and/or other persons used Defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to Defendant, and for a purpose for which the products were not intended, manufactured, or designed. Plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse and Plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to Plaintiff and/or such other parties or persons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At all times and places mentioned in the Complaint, Plaintiff has failed to take reasonable precaution for his own safety and otherwise failed to make reasonable efforts to mitigate or minimize his injuries and damages, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was exposed to any of Defendant's products, which Defendant expressly denies, then Defendant is not liable to the Plaintiff as a matter of law because any such product was manufactured, supplied and delivered in accordance with government specifications, government contracts and/or at the direction of government officers.  The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Defendant, and by reasons thereof, Defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant avers that the state of the medical and scientific knowledge and the state of the art regarding its products and/or its contents, at all times material hereto, was such that Defendant never knew nor could have known that its products presented any risk or harm to the Plaintiff if such products were properly used.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages are groundless in fact and fail to state a claim upon which relief can be granted.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Defendant's right to due process and equal protection under the law and are otherwise unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution, and Article I and all applicable provisions of the Constitution of the State of Connecticut.

**THIRTIETH AFFIRMATIVE DEFENSE**

An award of exemplary or punitive damages against Defendant would violate the excessive fines clause of the Eighth Amendment as applied to the states through the Fourteenth Amendment and all applicable provisions of the Constitution of the State of Connecticut.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The causes of action asserted by Plaintiff, to the extent that Plaintiff is unable identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted because such relief, if granted, would constitute a taking of Defendant's property for a public use without just compensation, a violation of Defendant's constitutional rights.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The causes of action asserted by Plaintiff, to the extent that Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a violation of Defendant's constitutional rights to substantive and procedural due process of law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The causes of action asserted by Plaintiff, to the extent that Plaintiff is unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection under the law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant avers that if Plaintiff has settled with and/or released other Defendants or entities who are tortfeasors, Defendant is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

In those cases where the Plaintiff was an employee of Defendant, Defendant avers that Plaintiff's claims are barred by the Connecticut Workers' Compensation Act.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's employers, by their agents, servants and employees, at all times relevant hereto, were learned intermediaries and sophisticated users, possessed a high degree of knowledge and sophistication in relation to Defendant, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos material, had means and ability, superior to that of Defendant to warn the Plaintiff, and failed to warn the Plaintiff of the alleged hazard.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff establishes any exposure to Defendant's products, which Defendant expressly denies, said exposure was de minimus and so minimal as to be insufficient to establish to a

reasonable degree of probability that its products caused or contributed to Plaintiff's claimed injuries.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that there was no conspiracy.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

If Plaintiff is barred from recovery, then any action of the Plaintiff's spouse is also barred because it is a derivative action.

### FORTIETH AFFIRMATIVE DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in the environment.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

### FORTY-SECOND AFFIRMATIVE DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by Plaintiff.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

If it is proven at trial that asbestos-containing products were furnished as alleged to Plaintiff's employer(s) and said products were used in the fashion alleged, which is specifically denied, then any asbestos-containing product which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employer(s).

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not a person whom Defendant could reasonably have expected to use, consume, or be affected by any alleged defective products.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff came into contact with any asbestos-containing product manufactured by Defendant, which is specifically denied, Defendant's products complied with all health and safety statutes and regulations.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff came into contact with any asbestos-containing product manufactured by Defendant, which is specifically denied, such contact was not a cause of Plaintiff's alleged injuries because Defendant's asbestos-containing products were encapsulated and impregnated such that, when those products were properly used, no asbestos fibers were released into the air or, if asbestos fibers were released into the air, the amount was *de minimus* and well below current government standards.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avails itself of, and adopts, such other affirmative defenses raised by any other Defendants as may be applicable.

## CROSS-CLAIMS AGAINST ALL OTHER DEFENDANTS

1. Plaintiff in this action has filed a complaint against the Defendant/Cross-Claim Plaintiff alleging that the Plaintiff has sustained certain asbestos-related diseases and other injuries, and all said allegations have been denied by the Defendant/Cross-Claim Plaintiff.

2. Although the Defendant/Cross-Claim Plaintiff denies all the claims set forth in the Plaintiff's complaint, in the event that the Defendant/Cross-Claim Plaintiff is found liable to the Plaintiff, then all other Cross-Claim Defendants are liable for equitable contribution and/or statutory contribution pursuant to C.G.S. § 52-572o, and/or allocation of fault.

3. Only in the event the Defendant/Cross-Claim Plaintiff is found liable to the Plaintiff, for purposes of this cross-claim, all allegations set forth in the Plaintiff's complaint or related third-party complaints against said Defendants are adopted and incorporated as set forth fully herein.

4. Only in the event that this Defendant/Cross-Claim Plaintiff is found liable to Plaintiff, in whole or in part, then the Cross-Claim Defendants are liable to this Defendant/Cross-Claim Plaintiff for all or part of Plaintiff's claimed damages.

5. Defendant/Cross-Claim Plaintiff reserves the right to withdraw this cross-claim against certain defendants prior to the time of trial.

WHEREFORE, Defendant/Cross-Claim Plaintiff Foster Wheeler, LLC claims:

a. Contribution for Plaintiff's alleged damages pursuant to C.G.S. § 52-572o;

b. Equitable contribution from the Cross-Claim Defendants for their share of any judgment rendered in favor of Plaintiff.

c. An allocation of responsibility among Defendants; and

d. Such other relief as the Court may deem just and proper.

## ANSWER TO ALL PENDING AND FUTURE CROSS-CLAIMS

Defendant denies each and every allegation of each and every cross-claim that was or hereinafter may be filed against Defendant by any co-defendants or third-party defendants.

## JURY DEMAND

Foster Wheeler demands a trial by jury on all issues.

>Respectfully submitted,
>Foster Wheeler LLC,
>By its attorneys,
>
>*/s/ Kristen R. Souza*  _____
>Kristen R. Souza (CT Federal Bar #ct 29641)
>ADLER POLLOCK & SHEEHAN P.C.
>175 Federal Street
>Boston, MA 02110
>Tel:  (617) 482-0600
>Fax: (617) 482-0604
>Email: ksouza@apslaw.com

Dated: March 6, 2017

## CERTIFICATE OF SERVICE

This certifies that on this 6th day of March, 2017, a copy of this Answer, Affirmative Defenses and Cross-Claims of Defendant Foster Wheeler LLC to Plaintiff's Complaint, was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

>/s/ *Kristen R. Souza*_____
>Kristen R. Souza